WILLIAM H. WILLIAMS, WILLIAM J. CONBOY, LOUIS A. CAPAWANA, APPELLANTS, v. DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 20, 1964—Decided April 28, 1964.

Before Judges GAULKIN, FOLEY and LEWIS.

*Mr. William J. Gearty* argued the cause for appellants (*Mr. Thomas E. Durkin, Jr.,* attorney).

*Miss Marilyn H. Loftus,* Deputy Attorney General, argued the cause for defendant (*Mr. Arthur J. Sills,* Attorney General, attorney).

PER CURIAM. The notice of examination stated that "candidates must obtain a rating of 70, as determined by statistical methods * * *." The "statistical methods" were not defined. Therefore, appellants cannot argue that they were assured that all would pass who answered 70% of the questions correctly.

The use of the flexible passing point system was approved in *Kelly v. Civil Service Commission,* 37 *N. J.* 450 (1962). Appellants argue that *Kelly* does not apply to the case at bar because that case involved a promotional examination. Appellants argue that in appointive examinations, such as in the case at bar, *N. J. S. A.* 11:27–3 gives disabled veterans an absolute priority (which they do not have in promotional examinations), and that priority may not be affected by anything done after the examination, such as the use of the flexible passing point system. We disagree. *N. J. S. A.* 11:27–3 gives priority to disabled veterans "who shall receive a passing rating in competitive examinations or tests," but it does not prescribe the form of the examinations or tests or the method of grading to be used. Had the notice of examination stated, "candidates must obtain a rating of 70, as determined by the flexible passing point system," we conceive it could not be argued that the grading contravened *N. J. S. A.* 11:27–3. Since the language used put appellants on notice that "statistical methods" (note the plural) would be used, it cannot soundly be argued that defendant bound itself to use only the one method advocated by appellants. Therefore defendant was free to use the flexible passing point system, a "statistical method" the soundness of which *Kelly* has already approved.

It is not contended that the marking was done unfairly or corruptly. The examination papers were all anonymous and the examiners had no knowledge whether any paper was that of a veteran.

Affirmed.